# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-7122 PA (CWx) | Date | October 12, 2011 |
|---|---|---|---|
| Title | HICA Education Loan Corp. v. Vien Doan | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

Before the Court is the Complaint filed by plaintiff HICA Education Loan Corporation ("Plaintiff") against defendant Vien Doan ("Defendant"). The Complaint alleges that Plaintiff is the owner of a promissory note signed by Defendant pursuant to the Health Education Assistance Loan ("HEAL") Program. According to the Complaint, Defendant has failed to make all required payments on the loan. Plaintiff alleges that Defendant is in default and seeks to recover the amount of the loan, interest, attorneys' fees, and assorted costs, fees, and charges.

The Complaint asserts that the Court possesses subject matter jurisdiction over this action by virtue of the Court's federal question jurisdiction. Specifically, the Complaint alleges:

> This court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because the Plaintiff's claims against the Defendant arise under the Constitution, laws, or treaties of the United States. Specifically, Plaintiff's claims are founded upon one or more promissory notes executed pursuant to 42 U.S.C. §§ 292/294 et seq. and the Federal Regulations set forth in 42 CFR Part 60 governing the administration of the Health Education Assistance Loan (HEAL) Program.

(Complaint 2:8-15.)

The laws and regulations upon which Plaintiff relies do not appear to create a private right of action under federal law for the collection of unpaid student loans. Nor is it clear in any other respect how Plaintiff's Complaint, which alleges a single claim for "default" to collect the unpaid balance of a student loan, "arise" under federal law. The Court therefore orders Plaintiff to show cause in writing why this action should not be dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff's response to this order to show cause shall be filed no later than October 21, 2011. The failure to adequately respond to this order by that date may result in the dismissal of this action.

IT IS SO ORDERED.